

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2004

# Quirino v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Quirino v. Atty Gen USA" (2004). *2004 Decisions.* Paper 686.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/686

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-4070

VICTOR MANUEL QUIRINO and
SOLEDAD RIVERA-LOPEZ
Petitioners

v.

JOHN ASHCROFT, ATTORNEY
GENERAL OF THE UNITED STATES

On Petition for Review of an Order of Removal from
the Board of Immigration Appeals
U.S. Department of Justice
Executive Office for Immigration Review
(BIA No. A90-678-547)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2003

Before: McKEE, SMITH, and GREENBERG, Circuit Judges.

(Opinion Filed: May 25, 2004)

OPINION

McKEE, Circuit Judge.

Petitioners Victor Quirino and Soledad Rivera-Lopez, husband and wife, are

Mexican nationals whose removal has been ordered by an immigration judge ("IJ") and

affirmed by the Board of Immigration Appeals ("BIA"). On appeal to this court, they

argue that the BIA violated their due process rights by affirming the IJ's decision without

issuing an opinion. They also argue that the BIA erred when it affirmed the IJ's decision because he violated their due process rights to enter evidence into the record and he incorrectly determined that they were not eligible for cancellation of removal. For the reasons that follow, we will affirm.

## I.

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient to note that Quirino and Rivera-Lopez entered the U.S. from Mexico without inspection in 1981 and 1989 respectively. In October 1999, the INS issued the petitioners Notices to Appear alleging that they entered the U.S. without being admitted or paroled, in violation of the Immigration and Naturalization Act ("INA") § 212(a)(6)(A)(I). The petitioners conceded that they were subject to removal from the U.S., but applied for cancellation of removal under INA § 240A(b)(1).[1]

To support their application for cancellation, the petitioners presented a child psychologist's evaluation of the effect that their removal would have on one of their U.S.

---

[1] INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1), gives the Attorney General and his designates the ability to cancel an alien's removal if the alien:

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under [INA] section 212(a)(2), 237(a)(2), or 237(a)(3) (except in a case described in [INA] section 237(a)(7) where the Attorney General exercises discretion to grant a waiver); and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

citizen children, nine-year-old Stephanie, during the removal hearing. The petitioners claim that Stephanie was present at their removal hearing at the close of petitioners' testimony and was prepared to testify, but the IJ did not permit her to testify. There is no record in the hearing transcript that Stephanie's testimony was discussed.

At the conclusion of the hearing, the IJ denied the petitioners' application for cancellation of removal because they did not establish that their U.S. citizen children would suffer "exceptional and extremely unusual hardship" under INA § 240A(b)(1)(D). The petitioners appealed the decision to the BIA. A single BIA member affirmed the IJ's decision without an opinion on October 4, 2002, pursuant to 8 C.F.R. § 3.1(e)(4) (Sept. 25, 2002). The petitioners timely appealed to this court.

## II.

INA § 106(a) gives Courts of Appeals the authority to review all final orders of deportation against aliens, and states that venue is proper in the judicial circuit in which the petitioner resides. Quirino and Rivera-Lopez had been residing in New Jersey at the time the briefs in this case were filed, making venue proper in this circuit. The government challenges our subject-matter jurisdiction over this claim, stating that INA § 242(a)(2)(B)(I) deprives this court of jurisdiction to review any judgment regarding removal of cancellation under INA § 240A(b).

INA § 242(a)(2)(B)(I) states: "Notwithstanding any other provision of law, no court shall have jurisdiction to review. . . any judgment regarding the granting of relief

3

under section 212(h), 212(I), *240A*, 240B, or 245." (emphasis added). The meaning of "judgment" in § 242(a)(2)(B)(I) is unclear; it could mean "any decision" of the BIA, or it could mean "a decision involving the exercise of discretion." *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178 (3d Cir. 2003) (quoting *Montero-Martinez v. Ashcroft,* 277 F.3d 1139, 1144 (9th Cir. 2001)). We have concluded "that, for nondiscretionary factors, the Court maintains jurisdiction, but as to discretionary decisions we lack jurisdiction." *Id.*

We therefore must determine which of the questions presented here are nondiscretionary. The petitioners' arguments regarding violation of their due process rights are, of course, nondiscretionary factors. However, the petitioners' third argument, that the IJ erred when she determined that they were ineligible for cancellation of removal because they did not meet the hardship requirement in INA § 240A(b)(1)(D), involves a discretionary decision. We held in *Mendez-Moranchel* that the Commissioner's decision regarding whether an alien meets this hardship requirement is discretionary. 338 F.3d at 179.

### III.

We review the petitioners' remaining two due process claims seriatim.

### A.

Quirino and Rivera-Lopez argue that the BIA violated their due process rights by affirming the IJ's decision without an opinion pursuant to 8 C.F.R. § 3.1(e)(4) (Sept. 25,

2002).[2]  In *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003) (en banc), this court recently

denied such a due process challenge to the affirmance without opinion ("AWO")

mechanism in 8 C.F.R § 3.1(a)(7) (2002).  The AWO process is essentially the same here.

Accordingly,  *Dia* controls our review.  Applying *Dia*'s rationale to the case at hand, we

find that the petitioner's due process right to an individualized determination was not

violated.

**B.**

The petitioners also argue that their Fifth Amendment due process rights were

denied when the IJ failed to allow their daughter Stephanie to testify at their removal

hearing.  They state that this violation of their rights prejudiced their case, and that it was

improper to issue an AWO because the 8 C.F.R. § 3.1(e)(4) mechanism allows AWOs

only if "any errors in the decision under review were harmless or nonmaterial."

As the petitioners concede, there is no record of any discussion or decision

regarding Stephanie's testimony.

At the hearing, after both petitioners testified regarding the hardship their

deportation would have on their oldest daughter, the IJ asked the government if it had an

objection to voluntary departure and rendered her decision in the case.  The petitioners'

counsel made no request or objection on the record, and the court did not go off the

record during this part of the proceedings. *Id*.

---

[2] 8 C.F.R. § 3.1(e)(4) became effective September 25, 2002.

Even if we agreed with petitioners' legal argument that the preclusion of their daughter's testimony would violate their due process rights, there is no factual basis for the assertion that her testimony was precluded.

## IV.

For all of the above reasons, we will affirm the decision of the Board of Immigrations Appeals.